Estate of Ted S. Musiala, Deceased, Eleanor J. Musiala, Executrix, and Eleanor J. Musiala, Surviving Spouse v. Commissioner.
Estate of Musiala v. Commissioner
Docket No. 3435-66.
United States Tax Court
T.C. Memo 1968-152; 1968 Tax Ct. Memo LEXIS 145; 27 T.C.M. (CCH) 752; T.C.M. (RIA) 68152; July 18, 1968, Filed. Eleanor J. Musiala, pro se, 4122 N. Osceola Ave., Chicago, Ill. Richard M. Kates, for the respondent. 753 MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in the 1962 income tax of petitioners, which is set forth in the notice of deficiency, as follows: *13
Deficiency Additionto Tax Section6651(a),
Year
Tax I.R.C. of 1954
1962 $2,122.31
$51.60
Statutory deficiency
$2,122.31
$51.60
Overpayment claimed (not refunded) 1,915.92
Net Additional Tax
$ 206.39
$51.60
The issues are (1) whether petitioners incurred a fire casualty loss by *146 reason of a fire in their home in 1962, not compensated for by an insurance payment made to them by a fire insurance company; (2) whether petitioners could deduct any casualty loss due to the 1962 fire in the year 1962; and, (3) whether or not petitioners filed their 1962 income tax return 5 or more months after the date prescribed for the filing of said return without having reasonable cause for such late filing and thus are liable for an addition to tax under section 6651(a), I.R.C. of 1954. Findings of Fact Petitioner Eleanor J. Musiala is an individual residing at 4122 North Osceola Avenue, Chicago, Illinois, and after the death of her husband, Ted S. Musiala, in September of 1962, she was appointed executrix of his estate by Order of the Probate Court of Cook County, Illinois. The return for the period here involved was filed with the district director of internal revenue at Chicago, Illinois, on December 2, 1964. In this joint income tax return for the year 1962 it is reported Ted Musiala was an executive of the Ted Musiala & Co., Inc., receiving a salary of $9,175 that year and Eleanor was a clerk for the same corporation, receiving a salary of *147 $3,450 for that year. The return shows the total sum of Federal income tax withheld from their wages was $1,915.92. The return also shows the receipt of gross rentals of $3,600 from the rent of a brick building in Chicago, and it shows a deduction in the total sum of $10,607.94 for a casualty loss, which deduction was disallowed by respondent. In the petition filed with this Court on June 22, 1966, it is alleged: 5. The facts upon which the petitioner relies as the basis of this case are as follows: (a) On July 18, 1962, the petitioner's home at 4122 North Osceola Avenue, Chicago, Illinois, caught on fire and as a result of said fire the home and the furnishings contained therein were damaged and destroyed, and that as a result of said fire the loss sustained in petitioner's home and dwelling was $9,400.00, and that the loss sustained to personal property, which had cost the petitioner $4,831.75 was $1,207.94, so that the total loss sustained by petitioner as a result of said fire was $10,607.94. (b) That although petitioner had a policy of insurance, the insurance carrier has refused and still refuses to pay petitioner for said loss, so that petitioner has instituted legal *148 proceedings against said insurance carrier, which proceedings are still pending and have not as yet been determined or adjudicated. The prayer of the petition is as follows: WHEREFORE, the petitioner prays that this Court may try this case, determine that there is no deficiency in income tax for the calendar year 1962, and further determine that the petitioner is entitled to an overpayment of tax paid in said year in the amount of $1,915.92, and to give such other and proper relief as in the premises the Court may deem fit and proper. A fire did occur on July 18, 1962, in petitioners' home at 4122 North Osceola Avenue at around 6:55 P.M. The fire was confined between the bedroom ceiling and the roof. It was extinguished by a fireman using a hand extinguisher containing 5 gallons of water. There was considerable smoke and 4 rafters were charred and the fireman cut a hole in the bedroom ceiling. Sometime after the filing of the petition in this case the suit against the insurance company was settled for $4,000. Opinion Eleanor Musiala saw fit to try her own case. She has filed no brief or written argument. [1] The only indication we have of petitioners' position with respect *149 to the disallowed deduction is the petition she filed. The only evidence Eleanor Musiala offered was her own testimony. It falls far short of establishing the allegations of the petition. About all it proves is that there was a fire in her home on July 18, 1962. The burden was on her to prove the facts alleged in the petition with respect to the amount of the casualty loss sustained in the fire. She failed to sustain her burden. Respondent went forward and introduced the testimony of the firemen and the insurance company attorney who settled petitioners' case for $4,000. The fire chief's report of the fire to the fire marshall estimated the damage to the house by reason of the fire at $200. There was no evidence of any damage to furniture or personal property *150 and the firemen said there was no such damage. The report mentioned above shows the following: "Damage to contents, estimated $ None." Respondent admits the fire occurred and that the fire resulted in damage to the home and a resulting loss. The home was covered by a fire insurance policy. Sec. 165, I.R.C. of 1954, provides for a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." The evidence introduced by respondent shows petitioner received $4,000 to compensate her for the loss sustained in the fire. It was petitioners' burden to show they suffered loss in excess of $4,000 by reason of the fire. There is no evidence in the record that would support a finding that petitioners suffered any loss by reason of the fire "not compensated for by insurance." We hold for respondent on the first issue presented. Our conclusion above renders unnecessary any decision on the second issue as to the year in which a deduction for a loss not compensated for by insurance should be taken. The third issue arises because respondent determined 25 percent of the amount of the tax due should be added to petitioners' tax *151 due under the provisions of section 6651(a), I.R.C. of 1954, because petitioners filed their 1962 Federal income tax return some 19 months after the prescribed filing date. Under the cited statute, the addition to tax follows if there is no reasonable cause for such late filing shown. Petitioners had the burden of showing the failure to file the return on time was due to reasonable cause and not due to willful neglect. Petitioners introduced no evidence at all on the issue so we decide the third issue in favor of respondent. Decision will be entered under Rule 50. Footnotes
1. It is obvious Eleanor Musiala was assisted by a lawyer with the preparation of the petition which she signed and filed for it is well and carefully prepared. She filed a communication with the Court wherein she stated she was unable to secure an attorney through legal aid, though it does not appear she or the estate she represents was without funds to hire a lawyer. She is, in effect, seeking a refund of $1,915.92.↩